**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Christie BUZARD, Juan Antonio Tercero, Albert Dupuy,**
**Defendants-Appellants.**

**Nos. 88-1417, 88-1427 and 88-1429.**

United States Court of Appeals, Ninth Circuit.

Sept. 1, 1989.

Before SCHROEDER, FLETCHER, and BOOCHEVER, Circuit Judges.

ORDER DISMISSING APPEAL

By an order filed July 26, 1988 and docketed on July 28, 1988, the district court denied Dupuy's timely motion for a new trial. Notice of appeal was required to be filed within ten days after the order was docketed. An exception is provided, however: "[u]pon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed...." Fed.R.App.P. 4(b).

In this case the clerk apparently failed to mail notice of the order denying the motion for a new trial to the parties as required by Fed.R.Crim.P. 49(c). On September 23, 1988, Dupuy's attorney advised the district judge that he believed the motion for a new trial was still under advisement. The district judge thereupon entered an order that his previous order filed July 26, 1988 "be deemed to have been filed" as of September 23, 1988. Because more than thirty days had elapsed from the expiration of the time otherwise prescribed for filing the notice of appeal, the court was not authorized under Rule 4(b) of the Fed.R.App.P. to extend the time for filing the notice of appeal, even if excusable neglect were shown. Fed.R.Crim.P. 49(c) expressly

states that "[l]ack of notice of the entry [of an order] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 4(b) of the Federal Rules of Appellate Procedure." Because the notice was not timely filed, we have no choice but to dismiss the appeal for lack of jurisdiction. *See United States v. Awalt*, 728 F.2d 704, 705 (5th Cir.1984) (per curiam); *United States v. Schuchardt*, 685 F.2d 901, 902 (4th Cir.1982) (per curiam); *see also* 3A C. Wright, *Federal Practice and Procedure: Criminal 2d* § 823 at 236–237 (1982).