**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel D. CLARK, Defendant–Appellant.**

No. 92–50073.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 1992.*

Decided Jan. 22, 1993.

Jeanne G. Knight, Asst. Federal Public Defender, San Diego, CA, for defendant-appellant.

Barbara L. Major, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: TANG, NOONAN, and T.G. NELSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir. R. 34–4.

PER CURIAM:

Daniel D. Clark appeals from the district court's imposition of sentence following revocation of his probation. In a separate case, he was also sentenced following revocation of his supervised release. Both revocations were based on a single violation. Clark contends that the district court lacked jurisdiction to sentence him for violating his supervised release because he was in custody, rather than on supervised release, at the time of the alleged violation of his release terms. Alternatively, he contends that his sentence for violating probation in the case before us violates the rule against double jeopardy because he received a consecutive sentence for the same conduct. We have jurisdiction under 28 U.S.C. § 1291 and we dismiss in part and affirm in part.

## A. Background

Clark has been convicted of offenses in two separate proceedings in the district court. In case No. 90–439–K, he received a sentence of 21 months imprisonment and three years supervised release for theft from an interstate shipment and aiding and abetting in violation of 18 U.S.C. §§ 2 and 659. He escaped before his term of incarceration was up, and in case No. 91–659–R pleaded guilty to escape from a federal institution in violation of 18 U.S.C. § 751(a). Clark's custodial sentence in No. 90–439–K expired on September 21, 1991, while he was in custody awaiting trial for the charge in No. 91–659–R. On September 26, 1991, he was sentenced in No. 91–659–R to three years probation with the condition that he reside in a halfway house or treatment center for the first six months. On October 1, 1991, Clark signed himself out of the community treatment center and did not return. Subsequently, his supervised release in No. 90–439–K and his probation in No. 91–659–R were both revoked and he was sentenced to fifteen months incarceration in each case, to be served consecutively.

## B. Supervised Release

Clark contends, first, that he was not yet on supervised release in No. 90–439–K when he committed the violation because he was confined to community treatment as a condition of his probation in No. 91–659–R. We lack jurisdiction to reach this claim.

■ A notice of appeal in a criminal case must be filed within ten days after the entry of judgment, and the district court lacks authority to extend this period by more than thirty days. Fed.R.App.P. 4(b); *United States v. Buzard*, 884 F.2d 475, 475–76 (9th Cir.1989), *cert. denied*, 495 U.S. 906, 110 S.Ct. 1927, 109 L.Ed.2d 291 (1990).

■ Here, judgment was entered against Clark on December 10, 1991 for violating his supervised release in case No. 90–439–K. He has never appealed from that judgment. Accordingly, his sentence in that case is not properly before us and we dismiss his claim for lack of jurisdiction to review it. *See Buzard*, 884 F.2d at 476.

## C. Double Jeopardy

■ "The same actions by a probationer can lead to direct punishment and can also constitute the basis on which his probation for a prior offense is revoked." *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985). It follows, therefore, that revocation of probation or supervised release in two prior offenses as the result of a single action is similarly permissible. *Cf. id.; Bible v. Arizona*, 449 F.2d 111, 112 (9th Cir. 1971), *cert. denied*, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 463 (1972) (double jeopardy not implicated by conviction on offense which also served as basis for revocation of earlier-imposed probation).

Here, on January 6, 1992, Clark received a fifteen-month sentence for violating his probation in case No. 91–659–R. The district court directed that the sentence was to run consecutive to any other sentence Clark was serving, including the fifteen-month sentence for violation of supervised release in No. 90–439–K. Clark timely appealed from this judgment, and argues that it violates the rule against double jeopardy because he has been punished with two separate and consecutive terms for the

same act of walking away from the confinement center.[1]

Clark misunderstands the distinction between prosecution for an offense and revocation of probation or release in a previously-imposed sentence. In his district court cases, Clark had been previously convicted and sentenced for two separate offenses: theft and aiding and abetting in No. 90–439–K, and escape in No. 91–659–R. Accordingly, when he violated the terms of his supervised release and probation, respectively, he subjected himself to deferred punishment for those two crimes. He was not directly prosecuted for the violation at all. Although the violating act underlying revocation was the same in both cases, the punishment was for the conduct underlying the original convictions. This does not implicate double jeopardy. *Cf. Redd,* 759 F.2d at 701; *Bible,* 449 F.2d at 112.

DISMISSED IN PART AND AFFIRMED IN PART.

---

1. The government argues that Clark waived this contention by failing to raise it below. We note, however, that the double jeopardy issue was discussed below and the district court made a tentative legal ruling.