996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark MATSEY, Defendant-Appellant.
 No. 93-15161.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Matsey, a Nevada state prisoner, appeals pro se the district court's denial in part of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his term of imprisonment following his admission to violating his supervised release. Matsey violated his supervised release by committing wire fraud and use of an unauthorized access device in the District of Hawaii. Matsey contends that the district court erred by recalculating his grade and range for violating his supervised release in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. He argues that the additional term of imprisonment imposed on him as a result of his commission of a separate criminal act constitutes a duplication of punishment for the same conduct. We review de novo a district court's decision on a section 2255 motion. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Double jeopardy protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Grady v. Corbin, 495 U.S. 508, 516 (1990); In re Kurth Ranch, 986 F.2d 1308, 1310 (9th Cir.1993). The protection against double jeopardy does not extend to parole or probation revocation proceedings. See United States v. Clark, 984 F.2d 319, 320 (9th Cir.1993) (per curiam). "The same actions by a probationer can lead to direct punishment and can also constitute the basis on which his probation for a prior offense is revoked." Id. (quoting United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (per curiam)). "It follows, therefore, that revocation of probation or supervised release in two prior offenses as the result of a single action is similarly permissible." Id. Further, the Sentencing Guidelines provide that the determination of the appropriate sentence for any new criminal conviction should be a separate determination from the determination of the sentence for a supervised release violation. See U.S.S.G. § 7B1.1.
 
 
 4
 The facts are uncontested. On February 22, 1989 Matsey was indicted for use of an unauthorized access device and use of a counterfeit access device. The district court sentenced him to 30 months imprisonment, followed by three years of supervised release. Among others, one of the conditions of Matsey's supervised release was that he not commit any additional federal offenses.
 
 
 5
 On June 13, 1991 a Petition on Probation and Supervised Release was filed with the court alleging that Matsey had violated his supervised release conditions by failing to report to his probation officer. As a result of failing to report to his probation officer Matsey's supervised release violation grade was calculated as a Grade C violation.[1] Before the court took any action regarding the alleged violation, Matsey was indicted for wire fraud and the use of an unauthorized access device in the District of Hawaii. As a result of this new criminal act, Matsey's supervised release violation grade was recalculated to a Grade B violation.[2] We conclude that the revoking court did not err by recalculating Matsey's range for violation of the conditions of his supervised release.
 
 
 6
 The district court heard arguments regarding Matsey's supervised release violation. During that hearing, Matsey stated that he understood that by pleading guilty to the offenses in the District of Hawaii he was also admitting a violation of his supervised release in the earlier case. He also stated that he understood that he would be subjected to penalties for the violation of supervised release and for the District of Hawaii offenses.
 
 
 7
 Matsey's commission of wire fraud and unauthorized use of an access device constituted a Grade B violation of his supervised release conditions. See U.S.S.G. § 7B1.1(a)(2). Considering his criminal history category of V, the appropriate imprisonment range is 18 to 24 months. Moreover, the protection against double jeopardy does not preclude the imposition of that term of imprisonment. See Clark, 984 F.2d at 320. The district court properly imposed a term of 24 months imprisonment for Matsey's supervised release violation.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A Grade C violation is conduct constituting a federal, state or local offense punishable by imprisonment of one year or less. The range of imprisonment for a Grade C violation, with a criminal history category of V, is 7 to 13 months. U.S.S.G. § 7B1.4(a)
 
 
 [2]
 A Grade B violation is conduct constituting a federal, state or local offense punishable by imprisonment exceeding one year that is a violent crime, a controlled substance offense or an offense involving firearms or other destructive devices, or any other offense punishable by imprisonment exceeding twenty years. The range of imprisonment for a Grade B violation, with a criminal history category of V, is 18 to 24 months. U.S.S.G. § 7B1.4(a)