19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert Winslow WILSON, Defendant-Appellant.
 Nos. 93-5657, 93-5766.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Herbert Winslow Wilson appeals the sentences imposed after he pleaded guilty to a drug trafficking offense (No. 93-5657) and a previously imposed term of supervised release was revoked (No. 93-5766). The consolidated appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Counsel for the parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On December 15, 1992, Wilson was charged in two counts of a four-count indictment for his alleged participation in a conspiracy to distribute cocaine hydrochloride. On December 21, 1992, a warrant was issued by the district court charging Wilson with a violation of his supervised release from an earlier sentence, which had been imposed by the same district court following a 1988 conviction. Wilson pleaded guilty to one count of conspiracy to distribute cocaine hydrochloride and was sentenced to serve forty months of imprisonment. In a separate proceeding held before the same district court judge, Wilson admitted to the violation of supervised release. The district court revoked the term of supervised release and sentenced Wilson to a consecutive term of twenty months of imprisonment. On appeal, Wilson argues that the district court erred by imposing consecutive rather than concurrent sentences.
 
 
 3
 Upon review, we conclude that the appeals lack merit. Wilson maintains that a consecutive sentence is not mandated because the guideline which requires a consecutive sentence following the revocation of supervised release, U.S.S.G. Sec. 7B1.3(f), is merely a policy statement. However, the Supreme Court recently decided that commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline. Stinson v. United States, 113 S.Ct. 1913, 1915 (1993). Furthermore, the Court confirmed its earlier determination that the principle that the Guidelines Manual is binding on the district court applies as well to policy statements. Id. at 1917 (citing Williams v. United States, 112 S.Ct. 1112, 1119 (1992)).
 
 
 4
 Wilson's assertion that the conduct resulting in the revocation of supervised release was the same conduct underlying his conviction for the drug conspiracy charge is unavailing. Revocation of supervised release is a deferred punishment for a previously imposed offense. United States v. Clark, 984 F.2d 319, 320 (9th Cir.1993) (per curiam). The imposition of consecutive sentences for the newer drug offense and for the revocation of supervised release, even though based on the same conduct, does not implicate double jeopardy. See id.
 
 
 5
 Accordingly, the district court's judgments are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.