76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Bryan LESTER, Defendant-Appellant.
 No. 95-5765.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1996.
 
 Before: CONTIE, NELSON and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Richard Bryan Lester, a pro se federal prisoner, appeals a sentence imposed by the district court following the revocation of his supervised release for multiple violations of the conditions of that release. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lester was convicted in February 1987 of drug charges and was sentenced to ten years in prison, with eligibility for parole. While serving his ten-year term, Lester pleaded guilty to three counts of an indictment charging him with gambling offenses. In October 1990, he was sentenced under the Sentencing Guidelines to 21 months in prison and three years of supervised release. Lester was released on parole in November 1992, at which time he also began serving his term of supervised release. Eventually, he began experiencing supervision problems. In August 1993, Lester incurred state charges of driving under the influence of alcohol and drug trafficking. Between October 1993 and July 1994, nine urine samples tested positive for controlled substances. Finally, Lester was arrested on July 31, 1994, while outside of the district without permission. All of these acts violated the conditions of both his parole and his supervised release.
 
 
 3
 Citing several of these violations, the U.S. Parole Commission revoked Lester's parole and sentenced him to 16 months in prison. On December 20, 1994, a detainer based upon a supervised release violator warrant was issued. The district court conducted a supervised release revocation hearing on May 8, 1995, and found Lester guilty of nine violations, based upon the nine positive urine tests. Lester was sentenced to eleven months in prison, to run consecutively to the parole revocation term he had already begun serving.
 
 
 4
 On appeal, Lester argues that: (1) the district court erred by not granting sentence credit from the time the detainer was lodged, (2) the district court erred by not mitigating his sentence for acceptance of responsibility, (3) he was prejudiced by the nine-month delay in sentencing for the supervised release violations, (4) the district court violated Fed.R.Crim.P. 32 by not granting him adequate time to review the sentencing memorandum, (5) counsel rendered ineffective assistance, and (6) the consecutive punishments for violating his parole and supervised release violated the Double Jeopardy Clause. Lester has also filed a motion for the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment.
 
 
 6
 Lester first argues that the district court should have given him credit for the time he served on his parole revocation sentence following the lodging of the supervised release violator detainer against him. However, it is the Attorney General, through the Bureau of Prisons, and not the district court, who is authorized pursuant to 18 U.S.C. § 3585(b) to grant such credit. United States v. Wilson, 503 U.S. 329, 333-35 (1992); United States v. Westmoreland, 974 F.2d 736, 737 (6th Cir.1992), cert. denied, 113 S.Ct. 1818 (1993). The district court lacked jurisdiction to grant the relief Lester seeks in this issue.
 
 
 7
 Lester next asserts that the district court erroneously required him to serve his 11-month sentence for supervised release violations consecutively to his 16-month sentence for parole violations because he exercised his Fifth Amendment right against self-incrimination rather than accept responsibility for his drug use. He further argues that the consecutive terms violated the Double Jeopardy Clause because they were based upon the same conduct--drug use reflected in positive urine tests.
 
 
 8
 While the policy statements of Chapter 7 of the Sentencing Guidelines, governing violations of supervised release, are not binding, they must be considered by the sentencing court when dealing with such violations. United States v. Sparks, 19 F.3d 1099, 1101 (6th Cir.1994). That chapter provides in part that:
 
 
 9
 Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.
 
 
 10
 USSG § 7B1.3(f) (1994) (emphasis added).
 
 
 11
 The district court chose to impose a consecutive sentence, as recommended by § 7B1.3(f), in large part because Lester continued to deny drug use after a series of nine positive urine tests over a period of several months. Lester now attempts to explain that he just did not want to make any statements that would prejudice him in the state drug case that was pending against him at that time. That position does not entitle him to a mitigated sentence in his supervised release revocation proceeding. Moreover, this is not a case where Lester expressly invoked the protection of the Fifth Amendment; instead, he affirmatively denied using drugs. The district court clearly had authority to order that Lester's sentence for violating his supervised release run consecutively to his already-imposed sentence for violating his parole, and the court did not abuse its discretion in exercising that authority.
 
 
 12
 Nor does the consecutive sentence imposed in this case constitute double jeopardy. Because revocation of both parole and supervised release are deferred punishments for the previously imposed offense, double jeopardy simply does not apply to those proceedings. United States v. Clark, 984 F.2d 319, 320 (9th Cir.1993); United States v. Marmolejo, 915 F.2d 981, 983 (5th Cir.1990). "Although the violating act underlying revocation was the same in both cases, the punishment was for the conduct underlying the original convictions. This does not implicate double jeopardy." Clark, 984 F.2d at 320.
 
 
 13
 Next, Lester claims that he was prejudiced by the delay--nine months from the time the supervised release violator warrant was issued--in the imposition of sentence. The government, in its brief, interprets the issue as whether there was a violation of Lester's right to a prompt revocation hearing, and points out that the due process right to a prompt hearing is triggered when the violator is taken into custody under the warrant for the supervised release revocation, rather than when the detainer is lodged. See Moody v. Daggett, 429 U.S. 78, 89 (1976); United States v. Chaklader, 987 F.2d 75, 77 (1st Cir.1993). The rules provide only that a hearing to consider revocation of supervised release be "held within a reasonable time," Fed.R.Crim.P. 32.1(a)(2). Lester's hearing was held within two weeks of his being taken into custody for the supervised release violations. This must certainly be considered a reasonable time.
 
 
 14
 Lester's argument may also be interpreted as urging that the district court should have imposed a concurrent sentence because, had he been sentenced for the violation of supervised release first, the Parole Commission would have imposed a concurrent sentence for his violation of parole. Interpreted in this manner, Lester's argument is based upon mere speculation. He cites to no authority which would require his revocation of supervised release to be processed prior to his revocation of parole, or even which would require the Parole Commission to impose a concurrent term.
 
 
 15
 Lester further claims that the district court violated Fed.R.Crim.P. 32 by giving him insufficient time to review the sentencing memorandum with his counsel. Rule 32, however, applies to criminal sentencing proceedings and is inapplicable here. Instead, Rule 32.1 governs the revocation or modification of supervised release. See United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991) (listing due process protections in supervised release revocation hearings). The required due process protections were provided in Lester's case.
 
 
 16
 Finally, Lester argues that counsel rendered ineffective assistance at his revocation proceeding. Although, as a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal since there has not been an opportunity to develop the record, where the record is adequate to assess the merits of the defendant's allegations, the issue may be considered by the court. United States v. August, 984 F.2d 705, 711 (6th Cir.1992), cert. denied, 114 S.Ct. 158 (1993).
 
 
 17
 We address the issue in this case because Lester's ineffective assistance claim is simply without a supporting basis in law. There is no constitutional right to counsel at a supervised release revocation hearing, see Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973); United States v. Meeks, 25 F.3d 1117, 1123 (2d Cir.1994). It follows that there is no constitutional right to the effective assistance of counsel at a supervised release revocation hearing. Lester was entitled by statute to representation by counsel at his hearing. See 18 U.S.C. §§ 3006A(a)(1)(C), (E) (providing for appointed counsel in supervised release and probation revocation hearings); Fed.R.Crim.P. 32.1(a)(2)(E). Since Lester was, in fact, represented by counsel, the statutory provision was satisfied.
 
 
 18
 Accordingly, Lester's motion for the appointment of counsel is denied. The district court's judgment, entered on May 16, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.