81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Olin B. KICKLIGHTER, Defendant-Appellant.
 No. 95-10134.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Olin B. Kicklighter appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion and his motion to correct his alleged illegal sentence.[1] Kicklighter was sentenced to 180-month imprisonment in 1990 following a jury conviction for conspiracy to manufacture and distribute methamphetamine and manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).[2] The government argues that we lack jurisdiction over Kicklighter's appeal. We agree that jurisdiction is lacking over Kicklighter's section 3582 motion, and accordingly we dismiss that portion of this appeal. We affirm the district court's denial of Kicklighter's motion to correct illegal sentence.
 
 
 3
 The district court denied Kicklighter's pro se motions on June 22, 1994. On February 8, 1995, Kicklighter filed a motion in the district court, requesting an extension of time to file a notice of appeal under Fed.R.App.P. 4(b) on the basis of excusable neglect. The district court granted the motion, finding that Kicklighter may not have been served with the court's order denying his motions until January 24, 1995, and extended the time to file a notice of appeal until February 26, 1995. Kicklighter filed his notice of appeal on February 27, 1995.
 
 
 4
 A notice of appeal from an order denying a motion brought under 18 U.S.C. § 3582(c) must be filed within ten days pursuant to Fed.R.App.P. 4(b). United States v. Ono, 72 F.3d 101, 102-03 (9th Cir.1995). The time limit is mandatory and jurisdictional. United States v. Eccles, 850 F.2d 1357, 1363 (9th Cir.1988). "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed," except as permitted by Fed.R.App.P. 4(b). Fed.R.Crim.P. 49(c); see United States v. Buzard, 884 F.2d 475, 475-76 (9th Cir.1989) (failure of clerk to mail notice of judgment to parties does not extend time for filing notice of appeal), cert. denied, 495 U.S. 906 (1990). Upon a showing of excusable neglect, the district court has discretion to extend the time for filing a notice of appeal for a period not to exceed thirty days beyond the ten days normally allowed. See Fed.R.App.P. 4(b). However, the district court lacks authority to enlarge the time for filing a notice of appeal by more than thirty days. See United States v. Clark, 984 F.2d 319, 320 (9th Cir.1993) (per curiam); Smith v. United States, 425 F.2d 173, 174 (9th Cir.1970) (district court order granting extension of time to file notice of appeal beyond time limit allowed under Fed.R.App.P. 4(b) is "unauthorized and [ ] a nullity").
 
 
 5
 Accordingly, Kicklighter's appeal of the denial of his section 3582(c)(2) motion is DISMISSED for lack of jurisdiction.
 
 
 6
 Kicklighter contends that his sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(A) is illegal because the relevant amendment governing his offense of conviction was not yet in effect at the time of his offense. Kicklighter's contention lacks merit because the amendment adding methamphetamine to the list of drugs subject to mandatory minimum sentencing under section 841(b)(1)(A) became effective November 18, 1988. See Anti-Drug Abuse Act of 1988, Pub.L. No. 100-690, § 6470, 102 Stat. 4181, 4378 (1988); see also Gozlon-Peretz v. United States, 498 U.S. 395, 404 (1991) (holding a law takes effect on the date of its enactment absent clear direction from Congress to the contrary). Because Kicklighter's offense occurred on January 5, 1989, he was properly sentenced pursuant to 18 U.S.C. § 841(b)(1)(A). See 18 U.S.C. § 841(b)(1)(A); Gozlon-Peretz, 498 U.S. at 404.[3]
 
 
 7
 We therefore AFFIRM the district court's ruling that Kicklighter's sentence was properly imposed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kicklighter styled his pro se motion as a "motion and memorandum to correct an illegal sentence" pursuant to Fed.R.Crim.P. 35(a). Because the pleadings of a pro se inmate are to be liberally construed, this court may construe Kicklighter's motion as a 28 U.S.C. § 2255 petition. See 28 U.S.C. § 2255; United States v. Young, 936 F.2d 1050, 1052 (9th Cir.1991) (construing pro se appellant's mislabeled Rule 35(a) motion as one arising under section 2255)
 
 
 [2]
 Kicklighter's conviction was affirmed on direct appeal. United States v. Kicklighter, No. 89-10544 (9th Cir. Jan. 17), cert. denied, 499 U.S. 969 (1991)
 
 
 [3]
 Kicklighter also contends that his sentence violates the ex post facto clause of the U.S. Constitution; however, this contention will not be considered for the first time on appeal. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)