## UNITED STATES of America, Plaintiff,

v.

## Alexander COOPER, Defendant.

### No. 89 CR 580.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 31, 1996.

James B. Burns, U.S. Attorney, for U.S.

Alexander Cooper, pro se.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

On July 29, 1996 this Court issued its memorandum opinion and order (the "Order") denying all aspects of the motion for new trial and collateral motions that had been tendered by Alexander Cooper ("Cooper") under Fed.R.Crim.P. ("Crim.Rule") 33. On December 23 this District Court's Clerk's Office received Cooper's self-prepared Request for Permission To File Late Notice of Appeal ("Request"), in which he seeks leave to appeal the Order well past the time specified in Fed. R.App. P. ("App.Rule") 4(b). For the reasons stated here, this Court lacks the jurisdiction to grant the requested relief and accordingly denies the Request.

Cooper explains (and this Court credits his explanation for current purposes) that he did not receive notification of the Order because he was not then on the Clerk's Office mailing list. As the Order reflects, Richard Kling ("Kling") was the most recent of the numerous counsel who had represented and had then been discarded by Cooper during the course of this criminal case (both before and after Cooper's conviction). Apparently the Clerk's Office list of persons and places for the transmittal of court orders and other documents had continued to include Kling and his office address, but not Cooper (at his prison address) individually, so that a copy of the Order was sent to Kling but not directly to Cooper. According to Cooper, he did not learn of the Order until he inquired about the status of his motions some five months later, when he was told (on December 9) that all motions had been denied.

Cooper asks for relief from the time limitation that is imposed by App. Rule 4(b) on grounds of "excusable neglect," citing cases that define the quoted term. But the fatal difficulty in that respect is that App. Rule 4(b) brings that "excusable neglect" concept into play only to permit an extension of the time for filing the notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." And that period has long since expired, so that the presence or absence of excusable neglect is irrelevant—relief is simply not permitted by the literal language of App. Rule 4(b).

That limiting provision, and the corresponding limitation imposed on the taking of civil appeals by App. Rule 4(a), has consistently been treated by the cases as "mandatory and jurisdictional" in nature. That was the language employed by the Supreme Court in *United States v. Robinson*, 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960) as to App. Rule 4(b)'s immediate predecessor (then-existing Fed.R.Crim.P. 37(a)(2)), it was repeated in the Notes of the Advisory Committee on the Rules of Appellate Procedure (Notes to App. Rule 3), and it has been repeated and applied by countless opinions since then (see also 16A Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3950.1 (2d ed.1996) and cases cited there).

Because of the harsh operation of the rule in circumstances where a party was not notified of the entry of an adverse judgment or order, App. Rule 4(a) was amended effective December 1, 1991 by the addition of a new subdivision (6) applicable only to *civil* cases:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

As to that amendment, see *In re Marchiando*, 13 F.3d 1111, 1114 (7th Cir.1994). And indeed, Congress itself adopted an identical

amendment to 28 U.S.C. § 2107—again applicable only to *civil* cases—that took effect just eight days later (December 9, 1991).

But no comparable provision was added to App. Rule 4(b) in December 1991, nor did the 1993, 1995 or 1996 amendments to the App. Rules make any change from the restrictive language in the only (and limited) window permitted by App. Rule 4(b) for late filings in criminal cases. And Congress, which had long since abrogated its statutory provision covering defendants' criminal appeals (old 18 U.S.C. § 3732) in favor of leaving the subject to the rulemakers, has also taken no action comparable to its 28 U.S.C. § 2107 civil appeal enactment.

This Court cannot act where no power to do so is conferred by the App. Rules. It cannot grant Cooper's motion simply because (if such was indeed the case) his former counsel did not promptly apprise him of this Court's July 29 action. And it cannot accept Cooper's ultimate argument that App. Rule 4(b) violates due process because it obligates litigants or their counsel to make prompt (and perhaps continuing) inquiry as to whether their pending motions have been ruled upon—indeed, the App. Rule 4(a)(6) amendment was adopted precisely because the earlier rule that the courts had accepted and applied as valid created hardships that those who are responsible for amendments deemed appropriate for revision, but *only* in the case of civil appeals. Just such hardships have led to no relief for criminal appellants in the past (see, e.g., the highly similar situation that resulted in the dismissal of the appeal in *United States v. Buzard,* 884 F.2d 475 (9th Cir.1989)), and this Court lacks the power to grant such relief to Cooper.

Accordingly Cooper's Request is denied. This Court cannot and does not grant him permission to file a tardy notice of appeal.