106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Everett LAWSON, Defendant-Appellant.
 No. 96-3494.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1997.
 
 Before: LIVELY, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a judgment revoking a period of supervised release. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Everett Lawson was charged in federal court (Western District of Kentucky) with four separate Kentucky offenses under the Assimilative Crimes Act, 18 U.S.C. § 13, after an incident on the Fort Knox [Kentucky] military base. Lawson eventually pleaded guilty to the charges and was sentenced in April 1995 to a forty-five day term of confinement to be followed by a one year period of supervised release. Lawson served out his term of imprisonment and was placed on supervised release in the Southern District of Ohio on June 16, 1995.
 
 
 3
 On March 6, 1996 an offender under supervision summons was issued for Lawson in response to domestic violence reports from Lawson's wife. Lawson did not contest the three related supervised release violations and the matter proceeded to sentencing. The district court entertained arguments and comments from Lawson and his counsel and sentenced Lawson to a new eight month term of imprisonment with a four month period of supervised release. Neither Lawson nor his counsel registered any objection to the form or length of the sentence.
 
 
 4
 Lawson served out his original forty-five day sentence and was placed on supervised release. While on supervised release, Lawson was enjoined not to commit another crime, to notify his probation officer of any change in his address and to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Lawson did not deny that his assaultive conduct and its aftermath constituted violations of Conditions 1, 6 and 11 of his supervised release.
 
 
 5
 The district court held a hearing prior to passing sentence on Lawson for these violations. Lawson admitted his conduct and the court engaged in a colloquy in which the assaults were identified as Class C violations and the policy considerations of USSG § 7B1 were set forth. The court entertained comments from Lawson and his counsel and passed sentence. Neither Lawson nor his counsel registered any objections to any aspect of the sentencing.
 
 
 6
 Lawson's counsel brings one general assignment of error on appeal in which he questions the wisdom and the legality of the sentence. Inherent in this argument is a strenuous objection that the length of this sentence far exceeds that of the sentence imposed for the underlying conviction and that it is violative of double jeopardy proscriptions.
 
 
 7
 This court reviews a district court's actions in supervised release cases for an abuse of discretion. United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994). Accordingly, the decision will not be disturbed if the findings of fact are not clearly erroneous and the decision is supported by a preponderance of the evidence. Fleischut v. Nixon Detroit Diesel, Inc., 859 F.2d 26, 30 (6th Cir.1988).
 
 
 8
 The findings of fact do not appear to be erroneous and no objections have ever been raised in this regard. Indeed, the admitted facts of Lawson's assaultive behavior certainly preponderate in favor of the conclusion that he violated the terms of his release. The only remaining question before this court therefore is the legality of the scheme in general and as applied to Lawson.
 
 
 9
 Lawson's challenges to the relative length of the sentence on appeal are unavailing. It is settled law that a violation of supervised release may result in a cumulative punishment that exceeds the original prison sentence. 18 U.S.C. § 3583(e); United States v. Reese, 71 F.3d 582, 587-88 (6th Cir.1995), cert. denied, 116 S.Ct. 2529 (1996). In addition, revocation of supervised release is a deferred punishment for the previously imposed offense and thus does not run afoul of double jeopardy concerns. See, e.g., United States v. Clark, 984 F.2d 319, 320 (9th Cir.1993) (per curiam). The appeal lacks merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed.