131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Joe KREIDEL, Defendant-Appellant.
 No. 97-10235.
 United States Court of Appeals, Ninth Circuit.
 Nov. 25, 1997.
 
 1
 Appeal from the United States District Court for the District of Arizona, CR-88-00177-EHC; Earl H. Carroll, District Judge, Presiding.
 
 
 2
 Before CHOY, ALARCON, and NELSON, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendant-Appellant Billy Joe Kreidel ("Kreidel") challenges the district court's jurisdiction to enter a final disposition order in response to a Petition on Supervised Release alleging violations of his release. Kreidel argues his sentence expired prior to the filing of the Petition, thereby depriving the district court of jurisdiction. We dismiss for untimely appeal.
 
 Factual and Procedural Background
 
 5
 Billy Joe Kreidel was convicted by a jury on August 26, 1988, for three counts relating to the importation of marijuana from Mexico. He was sentenced to 13 years in prison, plus 8 years of supervised release consecutive to the prison term, followed by 5 years of probation.[1] In 1991, Kreidel filed a Rule 35 motion to reduce his sentence after affirmance of his convictions on appeal.[2] His motion was granted, and Kreidel's sentence for Counts 1 and 3 was reduced to "time served," plus five years of probation consecutive to such "time served" for Count 2.[3] On July 31, 1995, the United States Probation Office requested clarification of Kreidel's sentence. The district court determined that the term of probation ran concurrent with the terms of prison already reduced to "time served" and that the term of supervised release remained as the eight years originally ordered.[4]
 
 
 6
 In January of this year, the Probation Office filed a Petition on Supervised Release alleging violations of release, and a summons was issued for Kreidel. In response, Kreidel filed a Motion to Dismiss Re: Sentence Expiration/Lack of Jurisdiction. The motion was denied. Following a final disposition hearing on May 5, 1997, the district court found Kreidel had violated the conditions of his release and sentenced him to 15 month imprisonment.
 
 Untimely Appeal
 
 7
 The crux of Kreidel's appeal is based upon the invalidity of the third order, dated July 31, 1995, which clarified his sentence after the court's reduction pursuant to Rule 35. In order to prevail in this appeal, Kreidel must prove that the third order is illegal. Kreidel's reliance on this argument is problematic.
 
 
 8
 We lack jurisdiction to open up the legality of the third order. Pursuant to Federal Rule of Appellate Procedure 4(b), a defendant's challenge to his sentence must be made within 10 days of the filing of the sentencing order. United States v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir.1986) ("[C]ourts have consistently viewed the filing deadlines of Federal Rule of Appellate Procedure 4(b) as 'both mandatory & jurisdictional' ") (quoting Smith v. United States, 425 F.2d 173, 174 (9th Cir.1970)). The last day for Kreidel to file an appeal to the third order would have been August 10, 1995. This appeal was filed May 14, 1997--almost 2 years late. According to Federal Rule of Appellate Procedure 26(b), we do not have the authority to enlarge the time to file notice of appeal. Fed.R.App.P. 26(b) ("the court may not enlarge the time for filing a notice of appeal"). See also United States v. Clark, 984 F.2d 319, 320 (9th Cir.1993) (citing United States v. Buzard, 884 F.2d 475, 475-76 (9th Cir.1989)). Furthermore, an extension due to "excusable neglect" is not applicable, nor would it provide relief. See Fed.R.App.P. 4(b) ("upon a showing or excusable neglect, the district court may ... extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision"); United States v. Stolarz, 547 F.2d 108, 111 (9th Cir.1976); United States v. Ono, 72 F.3d 101, 103 (9th Cir.1995).
 
 
 9
 The presence of multiple orders initially may cause one some uncertainty. On the other hand, it is interesting that Kreidel argues he was not subject to supervision even as he reported monthly to the probation office. Kreidel states the second sentence expired December 31, 1991. However, the first of Kreidel's two violations of release was failing to report to the probation office in November and December of 1991.[5] This implies that prior to that time, Kreidel not only was aware he was bound by certain conditions on supervised release, but also that he had been reporting faithfully to the probation office. In face, during his Admit/Deny hearing, Kreidel admitted as much. Also of note is the fact that Kreidel's counsel did not object to the clarification order at the time of the hearing, nor did Kreidel challenge it anytime thereafter--that is, not until over a year and a half later when Kreidel filed his motion to dismiss the petition for revocation of supervised release on February 25, 1997.
 
 
 10
 Because we lack jurisdiction to review the third order, it still is effective, and Kreidel's linguistic interpretation of the second order is irrelevant. The clarification expressly states that the term of supervised release remains as the 8 years previously stated. Thus, the district court properly had jurisdiction over Kreidel to revoke his supervised release for violations of the conditions of said release.
 
 Conclusion
 
 11
 We do not reach the merits of Kreidel's appeal. The basis of Kreidel's challenge to the district court's jurisdiction over him is the validity of the court's clarification of his sentence. Kreidel may not now launch a collateral attack on the third order. He has passed the deadline for appeal, and we dismiss for untimeliness.
 
 
 12
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Original Sentencing Order ("first order") (11/01/88)
 "IT IS THE JUDGMENT OF THIS COURT THAT: the defendant is committed ... for imprisonment for a period of TEN (10) years as to Count 1. In addition, the defendant shall be on supervised release for EIGHT (8) years, commencing upon his release from custody.
 IT IS FURTHER ORDERED that the defendant is committed ... for imprisonment for a period of THREE (3) years on Count 3, such sentence to be consecutive to the sentence imposed on Count 1.
 IT IS FURTHER ORDERED that as to Count 2, imposition of sentence is suspended and the defendant is placed on probation for FIVE (5) years, which sentence shall be consecutive to the sentences imposed on counts 1 and 3, and any parole or supervision time with respect to those counts."
 
 
 [2]
 At the time Kreidel was sentenced, application of the Sentencing Guidelines was in flux. The Ninth Circuit had declared them unconstitutional, Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (1988), and had ordered sentencing judges to follow statutory procedures as they existed prior to the Sentencing Reform Act of 1984, pending a decision by the United States Supreme Court. Once the Court found the guidelines constitutional, Mistretta v. United States, 488 U.S. 361, 109 S.Ct. 647 (1989), Kreidel sought and was granted a reduction, which the government did not oppose
 
 
 [3]
 Order Modifying/Reducing Sentences ("second order") (12/31/91)
 "IT IS THEREFORE ORDERED, that defendant's sentences are reduced/modified as follows:
 
 
 [1]
 The sentence on Count I is reduced to time served;
 
 
 [2]
 The sentence on Count III is modified to be concurrent with the sentence on Count I;
 
 
 [3]
 The period of probation for Count II shall remain as five years, consecutive to the sentences on Counts I and III, to include the standard conditions of probation and the special conditions that defendant shall neither consume any alcoholic beverages nor frequent any establishment that sell [sic] alcohol beverages as a principal business activity."
 
 
 [4]
 Sentence Clarification ("third order") (7/31/95)
 "Probation office to be advised by phone,
 With respect to Count 2, sentence concurrent to Count 1 & 3. With respect to Supervised Release, that it remain as previously stated and that would be 8 years commencing December 31, 1991."
 
 
 [5]
 The second violation was failing to refrain from the excessive use of alcohol