**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brenda D. BERG, aka Brenda
Lemaster, Defendant–
Appellant.**

**No. 00–30309.**
**D.C. No. CR–97–00006–JDS.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2001 *.

Decided June 15, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, CYNTHIA HOLCOMB HALL, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Berg appeals from her eleven-month sentence of imprisonment imposed after the district court revoked her supervised release. She contends that (1) the district court's order revoking her supervised release is void because the district court lacked jurisdiction, and (2) the district court erred in not granting her motion for a hearing on her motion for reconsideration of her sentence. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291, and we affirm.

Berg first contends that the district court lacked jurisdiction to sentence her for supervised release violations on August 21, 2000. We review de novo whether the district court had jurisdiction to revoke

Berg's term of supervised release. *See United States v. Morales–Alejo,* 193 F.3d 1102, 1104 (9th Cir.1999). She argues that the district court's previous order of April 6, 2000, divested the district court of jurisdiction because it revoked her supervised release, sentenced her to a 60–day term of custody, and did not order it to be followed with a period of supervised release. She asserts that upon release from the facility she was not subject to a term of supervised release and, therefore, the district court did not have jurisdiction to sentence her to a term of imprisonment for violations committed after that date.

The language of the district court's April order is perfectly clear. After revoking Berg's supervised release on January 16, 2000, pending sentencing, the district court decided against revocation at sentencing and elected to modify the conditions of Berg's supervised release "to include a sixty (60) day stay at the Community Corrections and Counseling Services ... in Butte, Montana." Pursuant to 18 U.S.C. § 3583(e)(2) and U.S.S.G. § 5D1.3, district courts may "modify" the conditions of a term of supervised release to include a period of "community confinement." That is what occurred here. Therefore, Berg remained subject to supervised release upon her release from the Butte facility, and the district court retained jurisdiction over her.

Second, Berg contends that the district court erred in not granting her motion for an evidentiary hearing on her motion to reconsider the August sentence. However, the basis of her motion was to present evidence that the April order was illegal because it improperly modified her supervised release with a term of imprisonment, rather than a term of community confinement.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We lack jurisdiction to address this contention regarding the merits of the district court's April sentencing order because Berg failed to file a timely notice of appeal from that order. *United States v. Clark,* 984 F.2d 319, 320 (9th Cir.1992); Fed. R.App. P. 4(b)(1). "A notice of appeal in a criminal case must be filed within ten days after the entry of judgement, and the district court lacks authority to extend this period by more than thirty days." *Clark,* 984 F.2d at 320. Here, the district court issued the order on April 6, 2000, and Berg has never appealed. Therefore, the April sentence is not properly before us. *See id.*

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* Honorable Ronald M. Whyte, United States District Judge for Northern California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.