An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM CATO SELLS, JR.,
Appellant,
vs.
THE STATE OF NEVADA BOARD OF
PAROLE,
Respondent.

No. 63030

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying a petition for a writ of prohibition seeking to halt a hearing regarding the revocation of appellant's parole. First Judicial District Court, Carson City; James E. Wilson, Judge.

Having reviewed appellant's civil proper person appeal statement and the record on appeal, we conclude that the district court did not abuse its discretion in denying appellant's petition for a writ of prohibition. *See Reno Newspapers, Inc. v. Sheriff, Washoe Cnty.*, 126 Nev. ___, ___, 234 P.3d 922, 924 (2010) (stating that a district court denial of a writ petition is reviewed by this court for an abuse of discretion). In seeking writ relief to halt his Nevada parole revocation hearing, appellant, who was paroled to Washington State from his Nevada sentence under an interstate compact, argued that the revocation of his parole by Nevada would subject him to double jeopardy because he had already been subject to sanctions by Washington State, as part of his parole release to that state, for the crime that forms the basis of the Nevada revocation hearing. According to appellant, the revocation of his Nevada parole based on this

14-15628

incident would result in his being punished twice for the same action in two different jurisdictions. The district court denied appellant's writ petition and, on appeal from that determination, he reiterates the arguments that he advanced before the district court.

The Double Jeopardy Clause under the United States Constitution protects a defendant from both successive prosecutions and multiple punishments for the same offense. U.S. Const. amend. V; *United States v. Dixon*, 509 U.S. 688, 695-96 (1993); *see also* Nev. Const. art. 1, § 8; *Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1278 (2012) (recognizing that the federal and Nevada Constitutions provide the same protections against double jeopardy). Double Jeopardy protections, however, are not implicated here because the purpose of the parole revocation hearing at issue in this case is to determine whether the Parole Board will reinstate appellant's original sentence for the underlying crime due to his apparent parole violations, not to punish appellant for the conduct that led to the parole revocation hearing. *See United States v. Brown*, 59 F.3d 102, 104-05 (9th Cir. 1995) (recognizing that the revocation of parole is viewed as the reinstatement of a previous sentence, not as punishment for the actions resulting in the revocation). This is true even if the parolee is subjected to more than one parole revocation based on the same underlying act, as appellant alleges is the case here. *See United States v. Clark*, 984 F.2d 319, 320 (9th Cir. 1993) (holding that the revocation of both probation and supervised release related to two prior convictions based on a single action by the offending party was permissible and did not implicate double jeopardy). Accordingly, we conclude that the

district court did not abuse its discretion in denying appellant's petition for a writ of prohibition, *Reno Newspapers*, 126 Nev at ___, 234 P.3d at 924, and we therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. James E. Wilson, District Judge
William Cato Sells, Jr.
Attorney General/Carson City
Carson City Clerk