IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE McDOUGAL, | § | |
| | § | No. 48, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0607023450 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 13, 2019
Decided: March 29, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## O R D E R

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Andre McDougal, filed this appeal from the Superior Court's denial of his seventh motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of McDougal's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that McDougal pleaded guilty in September 2008 to a single count of manslaughter. The Superior Court sentenced McDougal to twenty

years at Level V incarceration, suspended after three years for one year of Level III probation. McDougal did not file a direct appeal of his conviction or sentence.

(3) In January 2010, the Superior Court found McDougal in violation of the terms of his probation and re-sentenced McDougal to seventeen years at Level V, suspended for seventeen years at Level IV, in turn to be suspended after six months for one year of Level III probation. In March 2011, the Superior Court again found McDougal had violated the terms of his probation and re-sentenced him to seventeen years at Level V, to be suspended after fifteen years for two years of Level III probation. McDougal appealed and this Court affirmed.[1]

(4) In June 2017, McDougal filed a motion to correct his sentence. The Superior Court granted the motion and modified the length of McDougal's Level III probation from two years to eighteen months. Between July of 2017 and August of 2018, McDougal filed five additional motions to correct his sentence, all of which were denied by the Superior Court.[2]

(5) On January 7, 2019, McDougal filed another motion for modification/reduction of sentence under Superior Court Criminal Rule 35(b). McDougal asked the Superior Court to modify his sentence to suspend the remainder

---

[1] *McDougal v. State*, 2011 WL 4921345 (Del. Oct. 17, 2011).
[2] McDougal appealed two of these denials. We affirmed the Superior Court's decision in each instance. *McDougal v. State*, 2018 WL 266860 (Del. Jan. 2, 2018); *McDougal v. State*, 2018 WL 6844722 (Del. Dec. 31, 2018).

of his Level V sentence for Level III probation to run concurrent with a Level V sentence McDougal is serving for other convictions. He also claimed his sentence violated double jeopardy because he was sentenced for both the VOP and the underlying charges that served as the basis of the VOP. The Superior Court denied the motion, finding it untimely filed, repetitive, and meritless. This appeal followed.

(6)     McDougal raises two issues in his opening brief on appeal. First, McDougal claims the Superior Court abused its discretion when it deemed McDougal's motion was untimely filed. Second, McDougal argues his VOP sentence constituted a double jeopardy violation and otherwise violated his due process rights.

(7)     We review the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion.[3] This standard is highly deferential.[4] Under Rule 35(b), a motion for reduction of sentence must be filed within 90 days of sentencing unless the defendant can establish "extraordinary circumstances."[5] Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence modifications.[6]

---

[3] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[4] *Id*. at 977.
[5] Del. Super. Ct. Cr. R. 35(b).
[6] *Id*.

3

(8)     McDougal suggests the Superior Court improperly denied his motion as untimely because he seeks modification of his probation sentence and Rule 35(b) provides the Superior Court may reduce the conditions or term of probation at any time.  But, in reality, McDougal asked the Superior Court to modify his Level V sentence by suspending it.  The motion was filed well after the 90-day period allowed by Rule 35(b) for the Superior Court to reduce a prison sentence. Moreover, the motion was McDougal's seventh motion to correct his sentence. The Superior Court did not abuse its discretion in denying the motion as untimely and repetitive.

(9)     The Superior Court also did not abuse its discretion in finding McDougal's Rule 35 motion lacked merit.   We have previously found that McDougal was afforded the due process to which he was entitled in a VOP proceeding.[7]  Further, McDougal's argument that the Superior Court's imposition of a sentence for both his VOP and the underlying crimes violates double jeopardy is incorrect.  There is a material distinction between prosecution for a criminal offense and revocation of probation in a previously imposed sentence.[8]  When McDougal violated the terms of his probation, he received deferred punishment for his manslaughter conviction.  He received a separate and distinct sentence for the crimes

---

[7] *McDougal*, 2011 WL 4921345, at *2 ("The transcript of McDougal's March 2, 2011 VOP hearing reflects that … [McDougal] was afforded the due process to which he was entitled in a VOP proceeding.").

[8] *Dorman v. State*, 2001 WL 233655, at *2 (Del. Mar. 6, 2001) (citing *United States v. Clark*, 984 F.2d 319, 320 (9th Cir. 1993)).

that served as the basis for his VOP. Double jeopardy is not implicated in these circumstances.[9] Accordingly, we find no abuse of the Superior Court's discretion in denying McDougal's motion for modification of sentence as untimely, repetitive, and meritless.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[9] *Id.*