**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Parthenya WHITNEY,**
**Defendant–Appellant.**

No. 80–7254
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Dec. 12, 1980.

---

Jay L. Strongwater, Asst. Federal Public Defender, Atlanta, Ga., for defendant–appellant.

Andrew J. Ekonomou, Asst. U. S. Atty., Atlanta, Ga., for plaintiff–appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

This appeal presents the question whether the double jeopardy clause of the fifth amendment bars the district court from relying on specific acts of misconduct in revoking a defendant's probation where those acts formed the basis of a previous parole revocation. Because we find that the double jeopardy clause is not applicable to parole or probation revocation proceedings, we hold that the double jeopardy clause does not bar consideration of certain acts in probation revocation proceedings where those acts formed the basis of a previous parole revocation. We therefore affirm.

In May, 1975, Parthenya Whitney was convicted of three counts of interstate transportation of stolen property and conspiracy in violation of 18 U.S.C. § 2314. The trial judge imposed a sentence of five years imprisonment on count one and a like term on count two, the sentences to run concurrently. Regarding count three, the trial judge placed appellant on probation for a period of five years, to commence upon her release from confinement in counts one and two. In October, 1976, appellant was released on parole. In November, 1979, the United States Parole Commission filed a petition to revoke appellant's parole. The petition alleged that appellant violated the conditions of her parole in that she (1) failed to submit supervision reports, (2) passed bad checks, and (3) failed to report an arrest. After a hearing, the parole commission revoked appellant's parole. Finding, however, that appellant's parole term had expired, the parole commission released appellant from custody.

On the day of her release, the United States' probation office served appellant with an order to show cause why her probation should not be revoked. The revocation petition alleged violations identical to counts two and three of the parole revocation petition. At the probation revocation hearing, appellant made an oral motion to strike these grounds because they were barred by the double jeopardy clause of the fifth amendment. The trial judge denied appellant's motion after which appellant's probation was revoked.

In her appeal, appellant assigns error to the trial judge's denial of her motion. She argues that the "double–jeopardy clause of the fifth amendment prohibits the government from re-alleging specific acts of misconduct in a probation revocation hearing when there has already been a parole revocation relying on those same specific allegations." The government argues that the trial judge properly denied appellant's motion because the double–jeopardy clause is not applicable to probation or parole revocation hearings. The threshold issue in this case is whether the double jeopardy clause of the fifth amendment applies to parole or probation revocation proceedings.

The purpose of the double jeopardy clause is to ensure that a person is subject to a criminal prosecution only once for the same offense. *See Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). "Probation revocation, like parole revocation is not a stage of a criminal prosecution, [even though both may] result in a loss of liberty." *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973). It follows, therefore, that because parole and probation revocation proceedings do not constitute a stage of a criminal prosecution, they do not fall within the protection of the double jeopardy clause of the fifth amendment. This was the holding of the Ninth Circuit in *Dunn v. California Department of Corrections,* 401 F.2d 340 (9th Cir. 1968). Appellant seeks to avert this result by arguing that a finding that a proceeding is or is not a criminal prosecution should not determine whether due process protections are applicable. She avers that in *In Re Gault,* 397 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Supreme Court held that the double jeopardy clause applies to juvenile proceedings notwithstanding its label as a civil proceeding.

Appellant further asserts that probation and parole revocation proceedings warrant the same due process protections applicable to juvenile proceedings because they all involve a loss of liberty. While we agree that labels should not be the sole determinant of due process protections, we cannot agree that the double jeopardy clause applies to probation and parole revocation proceedings. As stated by the Supreme Court in *Scarpelli,* "a juvenile charged with violation of a generally applicable statute is differently situated from an already convicted probationer or parolee, and is entitled to a higher degree of protection." 411 U.S. at 789 n. 12, 93 S.Ct. at 1763. Appellant is not a juvenile.

We find that the double jeopardy clause is not applicable to parole or probation revocation proceedings. In the circumstances, we hold that the trial judge did not err in denying appellant's motion to strike the first two grounds of the probation revocation petition. Accordingly, we affirm the decision of the lower court.

AFFIRMED.