**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Parthenya WHITNEY,
Defendant-Appellant.**

**No. 80–7254
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

June 29, 1981.

Jay L. Strongwater, Asst. Public Defender, Atlanta, Ga., for defendant-appellant.

Andrew J. Ekonomou, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

## REVISED OPINION

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

### PER CURIAM:

█ In this case, we held that the double jeopardy clause of the Fifth Amendment to the Constitution of the United States does not bar consideration of certain evidence in probation revocation proceedings where the same evidence has formed the basis for a previous parole revocation proceeding. While we adhere to our holding, we add these comments in order to clarify our opinion.

The facts are adequately set out in our prior opinion, *United States v. Whitney*, 632 F.2d 654 (5th Cir. 1980), hereby withdrawn, and this revised opinion substituted.

The issue presented by this appeal is whether the double jeopardy clause of the fifth amendment applies to parole and probation revocation proceedings. This issue is one of first impression in this circuit. In resolving it, we rely on the Supreme Court decision in *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975).

In *Breed v. Jones*, a seventeen year old was charged with the juvenile equivalent of armed robbery. In an adjudicatory hearing, the juvenile court held that the allegations in the petition were true. At a subsequent hearing, however, the juvenile court found that the defendant was unfit for treatment as a juvenile and ordered that he be prosecuted as an adult. After numerous habeas corpus petitions and appeals in both state and federal court, the United States Court of Appeals for the Ninth Circuit held that the double jeopardy clause barred the prosecution of the defendant in adult court. The Supreme Court affirmed.

In affirming the court of appeals, the Supreme Court initially noted that "[j]eopardy denotes risk.... that The risk to which the Clause refers is not present in proceedings that are not 'essentially criminal.'" 421 U.S. at 528, 95 S.Ct. at 1785. Realizing that the juvenile court system had been designed to provide a civil atmosphere in dealing with the anti-social conduct of youth, the Court was confronted with the problem of applying the double jeopardy clause to a proceeding which was conceived as a civil proceeding. In addressing this issue the Court found that a gap exists between the "benign conception of the system and its realities," to such an extent that the Court could "find no persuasive distinction between [a juvenile] proceeding ... and a criminal prosecution, each of which is designed 'to vindicate [the] vital interest in enforcement of criminal laws.'" 421 U.S. at, 528, 531, 95 S.Ct. 1779, 1785, 1786, 44 L.Ed.2d 346 (*quoting United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971)). Thereafter the Court stated:

> We believe it is simply too late in the day to conclude, as did the district court in this case, that a juvenile is not put in jeopardy at a proceeding whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years.

421 U.S. at 529, 95 S.Ct. at 1785. As additional support for its holding that the double jeopardy clause applies to juvenile proceedings, the Court stated that juvenile proceedings "impose heavy pressures and burdens—psychological, physical, and financial—on a person charged." 421 U.S. at, 529–30, 95 S.Ct. at 1785–1786. Furthermore, the Court's holding was necessary in order to ensure that the government would

not be able to bolster its case by additional evidence or arguments, once it discovered that its evidence was not sufficient to persuade the juvenile court. *Swisher v. Brady*, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978).

Turning to the facts of the instant case, parole and probation revocation proceedings are not designed to punish a criminal defendant for violation of a criminal law. The purpose of parole and probation revocation proceedings is to determine whether a parolee or probationer has violated the conditions of his parole or probation. As a result, parole and probation revocation proceedings are fundamentally distinguishable from juvenile proceedings.

We do not ignore the fact that some of the considerations which prompted the Supreme Court's decision in *Breed v. Jones* are also present in parole and probation revocation proceedings. For example, parole and probation revocation proceedings may result in further imprisonment. This consideration, however, is not as compelling in the context of this case because the probationer or parolee has already been convicted and sentenced.

In addition, the possibility exists that if the government fails to obtain a parole revocation in a situation where the defendant is on parole and probation, the government will have an opportunity to gather additional evidence in an attempt to obtain a probation revocation. Undoubtedly, such conduct on the part of the government would "impose heavy pressures and burdens —psychological, physical, and financial— on" the probationer. *Breed v. Jones*, 421 U.S. at 530, 95 S.Ct. at 1786. A reversal based upon this point, however, would ignore the major reason for the Supreme Court's decision in *Breed v. Jones*; that no distinction exists between a criminal prosecution and a juvenile proceeding in which a juvenile is found to have violated a criminal law.

For the foregoing reasons, we decline to extend the double jeopardy clause to parole and probation revocation proceedings. Accordingly, the trial court's decision denying defendant's motion to dismiss is affirmed.

AFFIRMED.