**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Orlando TELLEZ, Defendant–Appellant.**

No. 89–6177
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 30, 1990.

Theodore J. Sakowitz, Federal Defender and Richard C. Klugh, Jr., Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda Collins–Hertz, Lynne W. Lamprecht, and Cheryl Bell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, FAY and BIRCH, Circuit Judges.

PER CURIAM:

■ On September 10, 1988, appellant pled guilty in the district court to a charge of conspiracy to possess and to sell counterfeit currency, see 18 U.S.C. § 371 (1988). On November 1, 1988, he was sentenced.

The court, concluding that the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat.1987 (codified as amended in scattered sections of 18 and 28 U.S.C.), and the sentencing guidelines promulgated thereunder—which governed the sentence appellant should have received—were unconstitutional, sentenced appellant under the "old law." The court suspended the imposition of sentence and placed appellant on probation for a period of three years. Although the court erred in imposing an "old law" sentence, see Mistretta v. United States, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), neither the appellant nor the Government appealed; accordingly, after the time for taking an appeal expired, see Fed.R.App.P. 4(b), appellant's sentence became final.

On October 31, 1989, the district court revoked appellant's probation and sentenced him to the custody of the Attorney General for a period of three years, a sentence within the sanctions prescribed for the section 371 conspiracy offense. Appellant now appeals, contending that, in fashioning his sentence on October 31, 1989, the district court erred in two respects. First, appellant contends that the court erred in sentencing him without the benefit of a presentence investigation report. See Fed. R.Crim.P. 32(c)(2). Second, appellant argues that the court erred in failing to consider the United States Sentencing Commission's guidelines.

■ The Sentencing Reform Act and the Commission's guidelines control our decision. Under that body of law, when a sentencing court revokes a term of probation, the court may impose "any ... sentence that was available [under the Sentencing Reform Act and the guidelines] at the time of the initial sentencing." 18 U.S.C. § 3565(a)(2) (1988). In United States v. Smith, 907 F.2d 133, 135–36 (11th Cir.1990), which was decided after the district court revoked appellant's probation, we explained what this language means. Because the district court, in fashioning appellant's three-year term of incarceration, did not consider the sentences avail-

able under the Sentencing Reform Act and the guidelines on November 1, 1988 (when it placed appellant on probation), we vacate appellant's sentence and remand the case for resentencing. Given this disposition, it is unnecessary for us to consider appellant's first point, concerning the district court's failure to order its probation office to conduct a presentence investigation.

VACATED and REMANDED.