**5/8/97**

## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-01140-SCT

*TIMOTHY MYERS*

*v.*

*STATE OF MISSISSIPPI*

## NOT DESIGNATED FOR PUBLICATION

DATE OF JUDGMENT: September 23, 1994

DATE RECORD FILED: May 11, 1995

TRIAL JUDGE: Hon. Honorable William F. Coleman

COURT FROM WHICH APPEALED: Hinds County Circuit Court

ATTORNEY FOR APPELLANT: Pro Se

ATTORNEYS FOR APPELLEE: Honorable Mike Moore

Attorney General

Scott Stuart

Special Asst. Attorney General

P. O. Box 220

Jackson, MS 39205

DISTRICT ATTORNEY: Honorable Edward J. Peters

NATURE OF THE CASE: Criminal Felony

TRIAL COURT DISPOSITION: Denial of PCR

DISPOSITION: Affirm

MANDATE ISSUED: 5/29/97

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Timothy Myers appeals from a denial of a motion for post-conviction relief in the Circuit Court of Hinds County. On January 23, 1985, Myers, who was fifteen years old, pled guilty to armed robbery. The Circuit Court of Hinds County sentenced Myers to four years, one year to serve in the custody of the MDOC and three years suspended. Myers, in his brief, states, "On or about March 7, 1988, petitioner's probation was revoked upon committing another felony." Upon revocation of the suspended sentence, Myers was ordered to serve the remaining three years in the custody of the MDOC. On September 13, 1994, Myers filed a motion to clarify his sentence in the Hinds County Circuit Court, asking that the three-year term be subject to the possibility of parole. Pursuant to Miss. Code Ann. 47-7-3 (1), the circuit court denied the motion. On November 4, 1994, this appeal was filed.

Aggrieved by the disposition below, Myers asks review of the following issues:

**I. WHETHER THE COURT ERRED IN DETERMINING MYERS IS NOT ELIGIBLE FOR THE POSSIBILITY OF PAROLE?**

**II. WHETHER MYERS WAS PLACED IN DOUBLE JEOPARDY UPON THE SUSPENDED SENTENCE BEING REVOKED?**

## STATEMENT OF THE FACTS

On October 18, 1984, Myers and Kenny Wade committed armed robbery through the display of a firearm. Myers was arrested, and on January 23, 1985, he petitioned the circuit court to accept his guilty plea to armed robbery. At the plea hearing, Myers was informed of his right to a jury trial; that the State would have to prove beyond a reasonable doubt that he committed the armed robbery; that the minimum sentence was three years and the maximum sentence was life imprisonment; that anyone convicted of armed robbery with a deadly weapon is not eligible for parole on any sentence less than ten years; and that he would not be eligible for parole until he had served ten years in prison. On April 12, 1985, the circuit court sentenced Myers, "under 43-21-159 of Miss. Code of 1972, as amended, to serve 4 years in the Mississippi Department of Corrections, with 3 years suspended on supervised probation under the terms and conditions of 47-7-35 of the Miss. Code of 1972, as amended, and 1 year to serve in Unit 30 with consideration for transfer to a satellite center." Miss. Code Ann. 43-21-159 (3) stated that in a case wherein the defendant is a child and of which the circuit court has original jurisdiction, the circuit judge may or may not transfer the case to the youth court. The circuit court judge may suspend sentence and release on probation, or commit such child to the Department of Corrections.

On October 6, 1987, Myers committed aggravated assault and thereby violated the suspended sentence.On April 13, 1988, Myers pled guilty to aggravated assault and was sentenced to sixteen years imprisonment. Currently, Myers' appeal to this plea conviction is in circulation before this Court. *Myers v. State*, 93-KP-00480 consolidated with 89-KP-01272. Myers has remained incarcerated following the revocation of suspended sentence. On March 7, 1988, the circuit court revoked Myers's suspended sentence and ordered his incarceration. On September 13, 1994, more

than six years after the revocation of his suspended sentence, Myers filed a petition to clarify his sentence. On September 23, 1994, the circuit court entered an order which stated, "Myers petitions the court to order the Department of Corrections to correct its records to reflect that the revoked three (3) year sentence not be subject to the requirements of section 47-7-3 (1)(d), Mississippi Code of 1972, as amended. The court finds that the request should be denied." On November 4, 1994, Myers, *pro se*, filed this appeal.

## DISCUSSION OF THE ISSUES

**II. WHETHER THE COURT ERRED IN DETERMINING MYERS IS NOT ELIGIBLE FOR THE POSSIBILITY OF PAROLE?**

**II. WHETHER MYERS WAS PLACED IN DOUBLE JEOPARDY UPON THE SUSPENDED SENTENCE BEING REVOKED?**

Myers attempts to set aside the probation revocation in 1994, nine years after his guilty plea and six years after the probation revocation. Myers contends that he was wrongly denied parole eligibility. Miss. Code Ann. 99-39-5 (2) states that motion for relief under the Post-Conviction Relief Act must be made within three years after entry of the judgment of conviction in the case of a guilty plea.

This Court has stated pursuant to Miss. Code Ann. 99-39-5 (2) "cases in which the prisoner claims that his...parole or conditional release has been unlawfully revoked" are exempt from the Post-Conviction Collateral Relief Act's three year statute of limitations. *Fortsen v. State,* 662 So. 2d 633, 635 (Miss. 1995). However, Myers does not contend that his suspended sentence was improperly revoked. In his brief, Myers admits that after committing another felony, the circuit court revoked the suspended sentence.

Additionally, there are two exceptions from the three-year statute of limitations. A prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the sentence.

Myers offers neither an intervening case nor new evidence to overcome the time-bar. Because he filed his petition outside the statutory three-year time period and did not present an intervening case or new evidence as an exception to the time limitation, this appeal is time-barred.

Even if Myers had not been time-barred, he was not entitled to relief. The circuit court specifically explained to Myers at the plea hearing in 1985 that anyone convicted of armed robbery with a deadly weapon is not eligible for parole on any sentence less than ten years. Miss. Code Ann. 47-7-3 (d) states that no person shall be eligible for parole who shall be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten years if sentenced to a term of more than ten years, or if sentenced to less than a term of ten years, then such person shall not be eligible for parole. This issue is without merit.

Although the circuit court sentenced Myers under a Youth Court statute, the circuit court expressly

added the terms and conditions of 47-7-35 to the suspended sentence. Subsequently, Myers violated the terms and conditions of his probation by committing aggravated assault. Miss. Code Ann. 47-7-37 states that after a probationer violates the terms and conditions of the probation or suspended sentence the circuit court may revoke all or any part of probation or all or any part of the suspension of sentence. The double jeopardy clause of the Fifth Amendment does not apply to parole and probation revocation proceedings. *United States v. Whitney*, 649 F. 2d 296, 298 (5th Cir. 1981). Myers was not placed in double jeopardy because his probation was revoked and he was ordered to serve the remaining three years in the custody of the MDOC. This issue is without merit.

## CONCLUSION

Myers seeks a review of his sentence nine years after the entry of his guilty plea and six years after the revocation of his suspended sentence. Pursuant to Miss. Code Ann. 99-39-5 (2), this appeal is time-barred. Even if this appeal were timely filed the issues are without merit. Mississippi statutes allow the revocation of a suspended sentence following the violation of the sentence's terms and conditions. Further, the appellant was not exposed

to double jeopardy upon the revocation of the suspended sentence following his violation of the sentence's terms and conditions. Therefore, the circuit court's denial of appellant's motion is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**