[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13537
Non-Argument Calendar

_____

D. C. Docket No. 88-00539-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW MAC BROWN,
a.k.a. Westley Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 27, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Matthew Mac Brown appeals the 105-month sentence imposed after

revocation of his probation on the grounds that (1) the sentence is unreasonable and an abuse of discretion by the district court, and (2) the sentence violates the Double Jeopardy Clause.  We AFFIRM.

## I. BACKGROUND

In 1988, Brown was indicted in the Middle District of Florida for one count of robbery of a bank with a deadly weapon, pursuant to 18 U.S.C. § 2113(a), (d), to which he pled guilty.  He consented to be sentenced for the count in the Southern District of Florida, where he also was under indictment for robbery of a post office with a deadly weapon, pursuant to 18 U.S.C. § 2114(a).  Brown pled guilty to the post office robbery in exchange for dismissal of related kidnaping charges.

In January 1989, the district judge sentenced Brown to twenty-five years of imprisonment for the post office robbery.  The judge withheld imposition of a sentence for the bank robbery and instead placed Brown on four years of probation to "commence upon discharge from incarceration" for the post office robbery and to "run concurrently with any parole" in that case.  R1-10.  The district judge noted that the sentence imposed was "under the pre-November 1, 1987 parole statutes and the post-November 1, 1987 good time allowance statutes."  Id.

In June 2003, a probation officer petitioned the district court to revoke Brown's probation in the bank robbery case based on his illegal drug use.  R1-13.

2

The district judge did not revoke Brown's probation but reinstated the probation and added conditions of drug treatment and full-time employment. R1-26. In May 2004, a probation officer again petitioned the district court to revoke Brown's probation based on his arrest in March 2004 by Florida state police for armed robbery with a knife ("2004 armed robbery"). R1-27.

At the sentencing hearing, Brown admitted to his probation violation. R4 at 4. The district judge first found that Brown freely and voluntarily admitted the probation violation. Id. at 26, 40. The judge noted that Brown had committed the 2004 armed robbery less than a year after the 2003 probation hearing, at which he had received a very lenient sentence recommendation from the government. Id. at 27. The district judge read into the record the probation officer's report that concluded Chapter 7 of the Sentencing Guidelines, concerning probation revocation, was not applicable to Brown's case because he was not originally sentenced under the Guidelines. Id. at 41. Brown's presentence investigation report showed that he was re-paroled, and his probation was re-activated on January 31, 2004. Id. at 42-43. The report stated that, during the armed robbery on March 21, 2004, Brown approached two store cashiers, and he stole money from one register while he brandished a knife. Id. at 43. Brown used his fourteen-year-old step-daughter as a get-away driver, and an infant was in the car at the

time.  Id. at 44.

The district judge accepted Brown's Guidelines calculation of 84 to 105 months for the initial bank robbery, based on an offense level of 22 and criminal history category of VI.  Id. at 46-47.  Consulting the 18 U.S.C. § 3553 factors to determine the appropriate sentence, the district judge noted that Brown received a significant break when he was originally sentenced for the bank robbery and received only probation.  Id. at 48-49.  The judge was concerned that Brown had violated his probation in 2004 by committing an armed robbery after being recently reinstated to probation for drug-testing violations and determined that the sentence must reflect his continued violent conduct.  Id. at 49-50.  The district judge opined that a sentence at the top end of the Guidelines range was necessary for deterrence, promotion of respect for the law, punishment of Brown, and protection of the public; the top end of the range would reflect the seriousness of the offense.  Id. at 50.  Furthermore, the judge found that the Chapter 7 probation revocation guidelines were too low and stated that Brown should have been sentenced to 105 months regardless of whether his criminal history category was a V or VI in order to reflect the nature of his criminal history.  Id. at 50-53.  The district judge sentenced Brown to serve the term consecutive to the seventy-two-month state sentence for the 2004 armed robbery and any future term imposed for

violation of his parole for the post office robbery conviction. Id. at 52-53; R1-55 at 2. Brown appeals his sentence for 105 months of imprisonment, and he contends that the sentence, which runs consecutive to his state sentence, constitutes double jeopardy.

## II. DISCUSSION

A. Reasonableness of Sentence for 105 Months of Imprisonment

Brown argues that his sentence of 105 months of imprisonment is unreasonable under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and that the district judge abused his discretion by sentencing him based on the Sentencing Guidelines range then applicable to the bank robbery. He maintains that, according to 18 U.S.C. § 3553, the district judge needed to consider only the policy statements in Chapter 7 of the Sentencing Guidelines when fashioning his sentence and that the Sentencing Guidelines are only advisory. Brown further contends that his criminal history category of VI and grade A probation violation calculate to a Guidelines range of 33 to 41 months of imprisonment and that the district judge abused his discretion by dismissing this range as too low and using instead the Guidelines range for the original offense of 84 to 105 months of imprisonment.

We generally review a district court's revocation of probation and "decision

5

to exceed the sentencing range in Chapter 7 of the Sentencing Guidelines for abuse of discretion," United States v. Dunham, 240 F.3d 1328, 1330 (11th Cir. 2001) (per curiam), while we review the legality of a sentence de novo, United States v. Cook, 291 F.3d 1297, 1299 n.2 (11th Cir. 2002) (per curiam).  At the time that Brown committed the bank robbery, 18 U.S.C. § 3565(a)(2) required a district judge, upon revoking a defendant's probation, to "impose any other sentence that was available under subchapter A at the time of the initial sentencing."  18 U.S.C. § 3565(a)(2) (1988); see United States v. Smith, 907 F.2d 133, 135 (11th Cir. 1990) superseded by 1994 amendments to 18 U.S.C. § 3565(a)(2); see also Johnson v. United States, 529 U.S. 694, 702, 120 S.Ct. 1795, 1801-02 (2000) (finding that the version of the statute that should be applied at revocation proceedings is the statute that was in force at the time of the initial offense).  In United States v. Tellez, 915 F.2d 1501, 1502 (11th Cir. 1990) (per curiam), we further held that a defendant sentenced under pre-Guidelines law during the period of time when the Southern District of Florida had found the Guidelines to be unconstitutional should be sentenced, upon revocation of probation, under the Guidelines range that would have applied at the time of initial sentencing.  Ultimately, a district judge must consult the factors found in 18 U.S.C. § 3553(a) to construct a sentence upon revocation of probation. 18 U.S.C. § 3565(a) (2000).

Brown cannot show that the district judge erred in sentencing him to 105 months of imprisonment because the judge sentenced Brown within the Guidelines range that would have applied at the time of his initial sentencing. See Tellez, 915 F.2d at 1502; see also Cook, 291 F.3d at 1300. Further, the district judge's statements at sentencing evince that the judge utilized the factors in § 3553 to determine the sentence and concluded that the sentence should run consecutively to that of the state court and any future parole violation sentences based on those factors; namely, that a sentence at the top end of the Guidelines range was necessary for deterrence, promotion of respect for the law, to punish Brown, to protect the public, and to reflect the seriousness of the offense. The district judge specifically noted that the Chapter 7 probation revocation guidelines resulted in a recommended range that was too low. See United States v. Hofierka, 83 F.3d 357, 360 (11th Cir. 1996) (per curiam) (noting that our holding that the Chapter 7 policy statements in the Guidelines are only advisory, not binding). Therefore, we conclude that the district judge reasonably substantiated Brown's 105-month sentence of imprisonment.

B. Allegation of Double Jeopardy Violation

Brown also argues that the district judge erred in imposing the 105-month sentence consecutive to (1) the seventy-two-month state sentence that he had

received for the 2004 armed robbery, and (2) any future sentence imposed by the parole commission for violating parole on his post office robbery conviction. Brown acknowledges that revocation of probation generally does not trigger double jeopardy, but he suggests that his case is distinguishable because the judge did not originally impose a sentence of imprisonment for the bank robbery, only a term of probation. Brown maintains that the original judge apparently determined that twenty-five years of imprisonment was sufficient to punish him for both the post office robbery and bank robbery, which renders the 105 months of imprisonment a double punishment for the 2004 armed robbery. Appellant's Br. at 14.

We review questions of law de novo. United States v. Dabbs, 134 F.3d 1071, 1079 (11th Cir. 1998). The Double Jeopardy Clause provides that "[n]o person shall. . . . twice [be] put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. The Supreme Court has held that no double jeopardy protection exists against the revocation of probation. United States v. DiFrancesco, 449 U.S. 117, 137, 101 S.Ct. 426, 437 (1980); see also United States v. Whitney, 649 F.2d 296, 298 (5th Cir. Unit B Jun. 1981) (per curiam) (same). The Whitney panel explained that "[t]he purpose of parole and probation revocation proceedings is to determine whether a parolee or probationer has violated the conditions of his

8

parole or probation," and such proceedings were "not designed to punish a criminal defendant for violation of a criminal law." 649 F.2d at 298. Furthermore, "[t]he Double Jeopardy Clause does not prevent different sovereigns (i.e., a state government and the federal government) from punishing a defendant for the same criminal conduct." United States v. Bidwell, 393 F.3d 1206, 1209 (11th Cir. 2004). Consequently, Brown's allegation of double jeopardy is unavailing.

### III. CONCLUSION

Brown has appealed 105-month sentence as being in violation of Booker and double jeopardy. As we have explained, his imprisonment sentence is reasonably substantiated by the district court and does not violate double jeopardy. Accordingly, his 105-month imprisonment sentence is **AFFIRMED.**