IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-60307
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALLEN BRIAN RICHARDSON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:01-CR-129-2

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Allen Brian Richardson appeals from the revocation of a supervised release term and the sentence that was imposed as result in the Southern District of Mississippi.  He contends that the revocation violated his right against double jeopardy and that the district court erred in ordering the sentence to run consecutively to his other sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Richardson failed to raise the double jeopardy argument below, our review is for plain error. See United States v. Odutayo, 406 F.3d 386, 392 (5th Cir. 2005). The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amdt. 5. "The clause is meant to protect against both multiple prosecutions and, relevant here, multiple punishments for the same offense." Odutayo, 406 F.3d at 392. Post-revocation sanctions, such as a sentence imposed following the revocation of supervised release or probation, are considered to be part of the penalty for the original conviction. See Johnson v. United States, 529 U.S. 694, 700 (2000) ("We therefore attribute postrevocation penalties to the original conviction."); United States v. Soto-Olivas, 44 F.3d 788, 790 (9th Cir. 1995) ("[T]he entire sentence, including the period of supervised release, is the punishment for the original crime, and 'it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms' of his release." (quoting United States v. Paskow, 11 F.3d 873, 881 (9th Cir. 1993))). Consequently, "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." United States v. DiFrancesco, 449 U.S. 117, 136 (1980); see United States v. Wyatt, 102 F.3d 241, 245 (7th Cir. 1996) ("Because revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence, and does not constitute punishment for the revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense."); Soto-Olivas, 44 F.3d at 792 ("We hold Soto-Olivas's rights under the Double Jeopardy Clause were not violated by his prosecution for illegally reentering the United States . . . even though this reentry resulted in revocation of his term of supervised release which was imposed as punishment for his earlier offense . . . .").

Richardson concedes that "under ordinary circumstances, the double jeopardy provisions of the Fifth Amendment are inapplicable to revocation proceedings." He argues, however, that a double jeopardy violation occurred

"because the supervised release violations on which the revocation hearing by the Mississippi District Court was based were the same violations on which his revocation sentence was based in Louisiana District Court."[1]

This court has addressed the issue of multiple revocations in the context of parole and probation revocations. In United States v. Whitney, 649 F.2d 296 (5th Cir. Unit B June 29, 1981) (per curiam), the appellant had both her parole and probation revoked based, in part, on the same violations, and argued that this violated the Double Jeopardy Clause. This court rejected the argument based on the determination that the Double Jeopardy Clause did not apply to parole and probation revocation proceedings. Id. at 297. More recently, in United States v. Dees, 467 F.3d 847, 853-54 (3d Cir. 2006), the Third Circuit found no double jeopardy violation where the district court imposed three consecutive terms of imprisonment following the revocation of three concurrent terms of supervised release based on the same conduct. Similarly, the Ninth Circuit held that a defendant who was on probation and supervised release for separate offenses could be resentenced consecutively for the same conduct that led to his probation and supervised release violations. United States v. Clark, 984 F.2d 319, 320 (9th Cir. 1993) (per curiam). The Ninth Circuit explained, "Although the violating act underlying revocation was the same in both cases, the punishment was for the conduct underlying the original convictions. This does not implicate double jeopardy." Id. at 321. In light of the above cases, Richardson has not shown that the district court committed plain error in revoking his supervised release. See Olano, 507 U.S. at 734.

Richardson also argues that the 21-month sentence is unreasonable because it was ordered to run consecutively to the sentence imposed following the Louisiana revocation. Richardson specifically disavows any argument that the court's sentence was in violation of the Guidelines' policy statements on

---

[1]We reject the Government's contention that the Louisiana district court did not consider Richardson's criminal activity in Philadelphia as a basis for revocation.

revocation sentences.[2] Rather, he argues only that "common sense" mandates a finding of unreasonableness because the revocation sentence was based on the same underlying conduct as the Louisiana revocation.

"Prior to Booker, this Court held that '[b]ecause there are no applicable guidelines for sentencing after revocation of supervised release, this court will uphold a sentence unless it is in violation of the law or plainly unreasonable' . . . ." United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005) (quoting United States v. Gonzalez, 250 F.3d 923, 925 (5th Cir. 2001)). We have not determined whether Booker's "reasonableness" standard displaced the "plainly unreasonable" standard, see id., and we need not do so now. The district court was fully aware of the unusual circumstances of this case, the relatedness of the Louisiana proceedings. Richardson's sentencing argument suffers a flaw similar to that in his double jeopardy claim: the revocation sentence is punishment for the original conviction. Moreover, Richardson fails to account for the full panoply of factors that inform the district court's sentencing decision. Given the totality of the circumstances, there was no reversible error in the district court's decision to order that Richardson's sentence run consecutively.

AFFIRMED.

---

[2] The relevant policy statement recommends that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S. Sentencing Guidelines Manual § 7B1.3(f).