IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-60163
Summary Calendar

—————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY KEYS,

Defendant-Appellant.

—————

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:06-CR-111-1

—————

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bobby Keys appeals the sentences imposed after the revocation of his su-
pervised release on two prior separate convictions. He first argues that his right

———

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to be protected from double jeopardy was violated by the imposition of two separate revocation sentences based on the same violation of his supervised release. He did not raise that argument in the district court, so review is for plain error only. See United States v. Odutayo, 406 F.3d 386, 392 (5th Cir. 2005); United States v. Olano, 507 U.S. 725, 734 (1993).

The Fifth Amendment's Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Post-revocation sanctions, such as a sentence imposed following the revocation of supervised release or probation, are not "punishment" but rather part of the penalty for the original conviction. Johnson v. United States, 529 U.S. 694, 700 (2000); United States v. DiFrancesco, 449 U.S. 117, 137 (1980). Consequently, "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." DiFrancesco, 449 U.S. at 137.

In United States v. Dees, 467 F.3d 847, 853-54 (3d Cir. 2006), cert. denied, 128 S. Ct. 52 (2007), the court found no double jeopardy where the district court had imposed three consecutive terms of imprisonment, based on the same conduct, after revocation of three concurrent terms of supervised release. Another circuit held that a defendant who was on probation and supervised release for separate offenses could be resentenced consecutively for the same conduct that had led to his probation and supervised release violations. United States v. Clark, 984 F.2d 319, 320 (9th Cir. 1993). In both cases, the courts focused on jurisprudence that recognizes the principle that post-revocation penalties are part of the original sentence and are not new punishment. Dees, 467 F.3d at 853; Clark, 984 F.2d at 321.

This court also has addressed the issue of multiple revocations in the context of parole and probation revocations. In United States v. Whitney, 649 F.2d 296 (5th Cir. Unit B June 1981), the defendant had her parole and probation revoked based in part on the same violations and argued that that violated the

Double Jeopardy Clause.[1] We rejected the argument based on the determination that the Double Jeopardy Clause did not apply to parole and probation revocation proceedings. Id. at 297. In United States v. Bubenik, No. 99-40153, 1999 WL 767257, at *1 (5th Cir. Sept. 8, 1999) (per curiam) (unpublished), the defendant's probation was revoked, in part, based on a positive drug test. He argued, for the first time on appeal, that the revocation violated double jeopardy because he already had spent time in a treatment center as a consequence of having tested positive. Id. at *2. Applying the plain error standard of review, we held that he had shown "no error at all . . . because the Double Jeopardy Clause does not apply to probation-revocation proceedings." Id.

This court makes no distinction between probation revocation and the revocation of supervised release with respect to the double jeopardy analysis. See United States v. Hinson, 429 F.3d 114, 118-119 (5th Cir. 2005); see also United States v. Richardson, No. 07-60307, 2008 WL 687274, at *2 (5th Cir. Mar. 13, 2008) (per curiam) (unpublished). In light of the above cases, Keys has not shown that the district court committed plain error in sentencing him following the revocation of his supervised release. See Olano, 507 U.S. at 734.

Keys contends that the district court erred in sentencing him to 10 months of imprisonment and an additional 12 months of supervised release after the revocation of his supervised release on the money-order offense. This argument is also reviewed for plain error. See id.. Although Keys couches his argument as a challenge to his revocation sentence, his argument is in reality a challenge to his original conviction. See Johnson, 529 U.S. at 700. A challenge to neither the underlying sentence nor the underlying conviction is proper in an appeal from the revocation of supervised release. See Hinson, 429 F.3d at 116 n.8;

---

[1] The appellant initially had her parole revoked but was released after it was discovered that her parole term had expired. See Whitney, 649 F.2d at 297 (noting facts set forth in prior opinion, United States v. Whitney, 632 F.2d 654 (5th Cir. 1980)). The probation revocation followed. Id.

United States v. Simmons, 812 F.2d 561, 563 (9th Cir. 1987). Accordingly, Keys's argument is without merit.

Keys's contention that the district court was prohibited by the terms of his original plea agreement from imposing an additional term of supervised release is flawed, because the terms of the agreement do not support his reasoning. His theory that the district court lacked the statutory authority to impose an additional term of supervised release was rejected in United States v. Martinez, 496 F.3d 387, 390 (5th Cir.), cert. denied, 128 S. Ct. 728 (2007) (citing Johnson v. United States, 529 U.S. 694, 703-13 (2000)). His argument that the court could not impose consecutive terms of imprisonment was rejected in United States v. Gonzalez, 250 F.3d 923, 927 (5th Cir. 2001).

AFFIRMED.