**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0650-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

QUINCY M. ARMSTRONG, a/k/a
SHOT ONE,

    Defendant-Appellant.

_____

Submitted June 24, 2020 – Decided July 20, 2020

Before Judges Accurso and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-06-0437.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Regina M. Oberholzer, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant appeals from a September 10, 2018 judgment of conviction entered against him in the Law Division.  We affirm.

## I.

The following facts are derived from the record.  On July 20, 2014, while defendant was incarcerated at the Union County Jail, corrections officers searched his cell based on a suspicion he, in cooperation with another person, had smuggled contraband into the facility.  As they entered the cell, the officers saw defendant, who had a sheet over his head, put something into the toilet and flush.  The officers recovered a cell phone charger and batteries.

Jail officials charged defendant with three disciplinary offenses arising from his possession of the cell phone charger.  On July 24, 2014, after a disciplinary hearing, defendant was adjudicated guilty of violating rules 20.306*, conduct which disrupts or interferes with security or the orderly running of the Union County Jail; 20.009*, misuse or possession of electronic equipment or peripherals; and 20.802, attempting to commit or aiding another in committing any of the above acts.  The hearing officer imposed sanctions of ten days in detention for each violation for a total of thirty days.  The sanctions were upheld in an administrative appeal.

A-0650-18T3

On October 2, 2014, when fixing a flood at the jail, plumbers found a cell phone in pipes leading from the toilet in defendant's cell. Defendant ultimately admitted that he had flushed the cell phone down the toilet.

A grand jury indictment charged defendant with third-degree possession of an electronic communication device while confined to a county correctional facility (cell phone), N.J.S.A. 2C:29-10(b), and third-degree possession of a device to recharge an electronic communication device while confined to a county correctional facility (cell phone charger), N.J.S.A. 2C:29-10(b).

Defendant moved to dismiss the indictment, arguing it was barred by the Double Jeopardy Clauses of the federal and state constitutions. He argued that the charges in the indictment are based on conduct for which he was previously sanctioned in the inmate disciplinary process, precluding a subsequent criminal prosecution. The trial court denied defendant's motion, concluding that double jeopardy protections do not apply to inmate disciplinary sanctions.[1]

Defendant subsequently entered a plea of guilty to both counts of the indictment. As is explained more fully below, at the plea hearing, defendant did not reserve the right to appeal the denial of his motion to dismiss the indictment.

---

[1] Defendant also argued that the indictment should be dismissed under the doctrine of collateral estoppel. He does not advance that argument on appeal.

A-0650-18T3

At sentencing, the State elected not to apply for an extended term. The trial court found aggravating factor three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"), six, N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted"), and nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"), and no mitigating factors.

Having determined the aggravating factors outweighed the non-existent mitigating factors, the court sentenced defendant to a three-year period of incarceration on each count of the indictment. The sentences are to run concurrent to each other and consecutive to the sentence defendant was then serving on unrelated convictions.

This appeal followed. Defendant raises the following argument for our consideration:

> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT BECAUSE HIS CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY PREVENTED SUBSEQUENT PROSECUTION AND PUNISHMENT FOR THE SAME CONDUCT THAT SERVED AS THE BASIS FOR THE DISCIPLINARY CHARGES LODGED AGAINST HIM BY THE JAIL.

A-0650-18T3

A.    THE INDICTMENT SEEKS TO PROSECUTE DEFENDANT A SECOND TIME FOR THE SAME OFFENSE AFTER CONVICTION.

B.    DEFENDANT    WAS    CRIMINALLY PUNISHED IN SUCCESSIVE PROCEEDINGS.

## II.

We review defendant's arguments, which are based on legal issues, de novo. State v. Twiggs, 233 N.J. 513, 532 (2018).  As an initial matter, the State argues defendant waived his right to appeal the denial of his motion to dismiss the indictment when he entered a guilty plea without a reservation of that right. We agree.

Rule 3:9-3(f) provides that

> [w]ith the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion.  If the defendant prevails on appeal, the defendant shall be afforded the opportunity to withdraw his or her plea.  Nothing in this rule shall be construed as limiting the right of appeal provided for in [R.] 3:5-7(d).

Rule 3:5-7(d) provides that denial of a motion to suppress evidence "may be reviewed on appeal from a judgment of conviction notwithstanding that such judgment is entered following a plea of guilty."  Thus, failure to enter a

conditional guilty plea waives appellate review of all non-Fourth Amendment claims.  State v. J.M., 182 N.J. 402, 410 (2005).

Our review of the transcript of defendant's guilty plea revealed no statement by defendant, his counsel, the assistant prosecutor, or the court concerning defendant's motion to dismiss the indictment.  Neither defendant nor his counsel expressly reserved the right to appeal the denial of that motion, the assistant prosecutor did not express the State's consent to such a reservation, and the court did not express its approval of such a reservation.

We are not persuaded by defendant's argument that we should overlook his waiver of the right to appeal the denial of the motion because the trial court failed to inform him of his right to enter a conditional guilty plea.  Prior to accepting defendant's plea, the trial court confirmed with him that he had reviewed the plea form with his counsel.  That form provides that defendant was waiving his right to appeal all pretrial motions except those to suppress physical evidence.  The record supports the conclusion defendant was informed at the time of the plea that he had waived his right to appeal the denial of his motion to dismiss the indictment.  See State v. Crawley, 149 N.J. 310, 318 (1997) (finding defendant's answer of "yes" on plea form to the question of whether he

had discussed merger with counsel contradicted his claim that he did not understand he was waiving his right to merger).

Nor is our conclusion altered by the following exchange from the plea hearing, on which defendant relies:

> THE COURT:  So, Mr. Armstrong, I did discuss with your attorney the fact that if you were so inclined, that I would waive your appearance at sentencing.
>
>   . . . .
>
> However, it's my understanding that you do want to [be] present for sentencing.  It's actually my preference.  So you do want to come to sentencing, correct?
>
> THE DEFENDANT:  I don't want to waive nothin'.

It is evident that this exchange, which took place after the court accepted defendant's guilty plea, concerned only defendant's right to appear at sentencing, which he did not waive.

The State acknowledges that the trial court erred at the conclusion of the sentencing hearing when it stated defendant had preserved the right to appeal the denial of his motion to dismiss the indictment.  After the court sentenced defendant and found that he understood his appeal rights, the judge asked defendant if he had any questions for the court.  This exchange followed:

> THE DEFENDANT:  Yeah.  I have a question.

A-0650-18T3

THE COURT:  Sure.

THE DEFENDANT:  Because you . . . said that you denied my [m]otion based on those factors, right . . . ?

THE COURT:  Well, for the reasons that I --

THE DEFENDANT:  -- that you read?

THE COURT:  -- the reasons that I gave you when I denied the [m]otion, as well.  . . .  But what I was saying, Mr. Armstrong, is that I can understand your feelings that you feel that you're being penalized twice for the same conduct.  . . .  But based on that law, the law allows for the institution to have their penalties and for you to be prosecuted criminally.  [T]hat's my interpretation of the law.  You can appeal that.  You have the right to do that.  That's what I'm telling you.

THE DEFENDANT:  I know that.

This exchange, made after the court accepted the plea and sentenced defendant, is the first time the right to appeal the denial of the motion to dismiss is mentioned in the record and contradicts the plea form defendant signed after consultation with his counsel.  The court's post-sentencing observation is not the equivalent of an on-the-record reservation of rights made with the consent of the State required by Rule 3:9-3(f).

For the sake of completeness, we note that had defendant reserved the right to appeal the denial of his motion to dismiss the indictment, he would not have been successful before this court.  Protection against double jeopardy under

Article 1, Paragraph 11 of the New Jersey Constitution is co-extensive with that afforded by the Double Jeopardy Clause of the United States Constitution. State v. Womack, 145 N.J. 576, 582 (1996); State v. Koedatich, 118 N.J. 513, 518 (1990). The federal and state constitutional provisions bar: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Defendant argues the indictment is a second prosecution after his "conviction" of the disciplinary offenses and an attempt to punish him twice for the same offense.

In Russo v. New Jersey Department of Corrections, 324 N.J. Super. 576 (App. Div. 1999), we rejected an inmate's argument that the Double Jeopardy Clause applies to prison disciplinary sanctions. We held that an adjudication that an inmate has violated the disciplinary code of an institution is not a conviction under the Double Jeopardy Clause. Id. at 585-86. As we explained,

> [a] criminal prosecution is a judicial proceeding that vindicates the community's interests in punishing criminal conduct. United State v. Whitney, 649 F.2d 296, 297 (5th Cir. 1981). In contrast, the prison disciplinary process determines whether an inmate has violated the conditions of his incarceration and it is designed to advance the remedial goal of maintaining institutional order and security. While punitive and remedial interests are tightly intertwined in the prison

> setting, disciplinary sanctions do not constitute additional punishment.
>
> [Id. at 583 (citation omitted).]

Thus, we concluded, while "common notions of fundamental fairness" apply in the prison disciplinary setting and might preclude "repeated disciplinary prosecutions and sanctions for the same offense or conduct[,]" the Double Jeopardy Clause is not applicable in the prison disciplinary context. Id. at 585-86. In reaching this holding, we noted "numerous federal court decisions holding that double jeopardy does not apply to prison disciplinary proceedings" and that "many of these decisions deal specifically with criminal prosecutions following disciplinary proceedings for the same conduct . . . ." Id. at 585.

We see no reason to depart from our holding in Russo, nor do we find a deprivation of fundamental fairness in defendant's prosecution for criminal offenses based, in part, on the conduct for which he received a modest disciplinary sanction from county jail administrators. Defendant's conduct posed a serious threat to the security of the facility, and his thirty-day detention at the county jail did not extend his incarceration. Of particular note, as was the case in Russo, is the fact that the criminal conduct of which defendant was convicted, while perhaps overlapping, was essentially different than the disciplinary infractions for which he was sanctioned. Defendant was disciplined

10

only for possession of the cell phone charger. His criminal conviction included a count of possession of the cell phone, discovered months after the charger was confiscated, for which he did not receive a disciplinary sanction. In addition, defendant's disciplinary infractions included his disruption of the security and orderly operation of the jail, conduct which is not an element of either criminal offense.

To the extent we have not addressed defendant's other arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION